IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

v.                              Criminal No. 5:19-cr-50083-TLB-MEF-4
                                Civil No. 5:21-cv-05072-TLB-MEF

CRAIG RYAN KELLEY                                                     DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

A Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed on April 16, 2021, ostensibly by the *pro se* Defendant/Movant, Craig R. Kelley ("Kelley"). (ECF No. 279). The United States filed its response on May 11, 2021. (ECF No. 291). A Report and Recommendation was filed on May 28, 2021, recommending dismissal of the § 2255 motion without an evidentiary hearing. (ECF No. 300). Currently before the Court is the Defendant/Movant's motion to voluntarily dismiss the § 2255 motion. (ECF No. 301).

**I.     BACKGROUND**

This case involves a conspiracy to distribute methamphetamine in Northwest Arkansas. Kelley was one of five co-defendants charged in an Indictment issued on August 16, 2019. (ECF No. 15). On November 20, 2019, a First Superseding Indictment was filed, naming two additional co-conspirators as defendants. (ECF No. 54). The charges against Kelley did not change. *Id*. A Second Superseding Indictment was filed on March 4, 2020, charging Kelley with offenses in Counts One, Five, Seven, Eight, Ten and Eleven. (ECF No. 112). Count One alleged that Kelley and six co-conspirators "did knowingly and intentionally combine, conspire, confederate and agree

1

with each other, and with others known and unknown to the Grand Jury to distribute more than five hundred (500) grams of a mixture or substance that contained a detectible amount of methamphetamine." *Id*. at 1.  Counts Five, Seven, and Eight charged Kelley with the distribution of more than five grams of methamphetamine on specified dates. *Id*. at 2-4.  Count Ten charged that Kelley "did knowingly use and carry a firearm, . . . during and in relation to a drug trafficking crime . . . that is, knowingly and intentionally distributing more than five (5) grams of methamphetamine, . . . which is the offense described in Count Five." *Id*. at 4-5.  Count Eleven charged that Kelley "knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess [a firearm] . . . said firearm having been shipped and transported in interstate commerce." *Id*. at 5.

On May 1, 2020, pursuant to a written Plea Agreement, Kelley entered a plea of guilty to Count Eight of the Second Superseding Indictment, charging him with the knowing and intentional distribution of more than five (5) grams of methamphetamine on or about April 25, 2019.  (ECF Nos. 141, 142).  The Court determined that Kelley's guilty plea was voluntary, supported by a factual basis, and his guilty plea was accepted.  (ECF No. 141 at 2).  On August 12, 2020, Kelley was sentenced to a term of 240 months imprisonment, five years supervised release, a $3,900 fine, and a $100 special assessment.  (ECF No. 202; ECF No. 288 at 45-46, 48).  Judgment was entered on August 19, 2020.  (ECF No. 203).  Kelley did not pursue a direct appeal.

A Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed on April 16, 2021, ostensibly by Kelley.  (ECF No. 279).  The United States filed its response on May 11, 2021.  (ECF No. 291).  A Magistrate Judge's Report and Recommendation was filed on May 28, 2021, recommending dismissal with prejudice of the § 2255 motion without an evidentiary hearing.  (ECF No. 300).

In a letter to the Court dated May 20, 2021, Kelley states that he received the Government's response to the 2255 filing, which confused him, "because I have not filed a 2255 at this time." (ECF No. 301).  He further states that "the signature on the 2255 filing is <u>not mine</u>," and "the 2255 was filed <u>without</u> my knowledge or permission."  *Id*. (emphasis in original).  The letter is post-marked on May 27, 2021, and it was received and filed on June 1, 2021, as a motion to voluntarily dismiss the § 2255 motion filed on April 16, 2021.  *Id*.  Kelley asks that the "<u>erroneous and false</u>" 2255 filing be dismissed.  *Id*.

## II.    DISCUSSION

Based on Kelley's assertion that the pending § 2255 motion does not bear his signature and was not filed with his knowledge or permission, and his request that the § 2255 motion be voluntarily dismissed, the § 2255 motion filed on April 16, 2021 (ECF No. 279) should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

As the undersigned's Report and Recommendation filed on May 28, 2021 (ECF No. 300) concerns a § 2255 motion not authorized to be filed by the Defendant/Movant, it is recommended that the Report and Recommendation be stricken from the record.

## III.    CONCLUSION

For the reasons discussed above, it is recommended that the unauthorized Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (ECF No. 279) be **DISMISSED WITHOUT PREJUDICE**.  It is also recommended that the Report and Recommendation filed on May 28, 2021 (ECF No. 300) be stricken from the record.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of June 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE